UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANGELINE MEJIA, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 14-cv-13005-IT |
| | * |
| FERTILITY SOLUTIONS, P.C., *et al.*, | * |
| | * |
| Defendants. | * |

ORDER

March 11, 2015

TALWANI, D.J.

This court treats the Parties' filing entitled Stipulation and Confidentiality Order [#20] as a motion for entry of a protective order and hereby orders that the motion is ALLOWED IN PART AND DENIED WITHOUT PREJUDICE IN PART. To the extent that the proposed protective order governs the exchange of documents and information between the Parties, the motion is ALLOWED.

Insofar as the proposed protective order governs the use of confidential information in any court proceeding or court filing, however, nothing in the protective order limits this court's power to make orders concerning the disclosure or impoundment of documents produced in discovery or at trial. To that end, the motion is DENIED WITHOUT PREJUDICE to a party making a particularized showing for the need for impoundment.

This court is guided in this regard by First Circuit precedent and Local Rule 7.2. Because the public has a "presumptive" right of access to judicial documents,[1] "'only the most

---

[1] United States v. Kravetz, 706 F.3d 47, 59 (1st Cir. 2013) (citing Siedle v. Putnam Invs., Inc., 147 F.3d 7, 10 (1st Cir. 1998)).

compelling reasons can justify non-disclosure of judicial records that come within the scope of the common-law right of access.'"[2] The burden is thus on the impoundment-seeking party to show that impoundment will not violate the public's presumptive right of access.[3] For that reason, when seeking to file under seal any confidential information, a party must show this court good cause for the impoundment.[4] Specifically, the party seeking impoundment must make "'a particular factual demonstration of potential harm, not . . . conclusory statements'"[5] as to why a document should be sealed.[6] This court "will not enter blanket orders" for impoundment.[7]

The court further orders the parties to file a proposed <u>Protective Order</u>, with a signature line for the court and without any signature lines for the Parties' attorneys, by March 20, 2015.

IT IS SO ORDERED.

                                                            /s/ Indira Talwani
                                                      United States District Judge

---

[2] <u>Id.</u> (quoting <u>In re Providence Journal Co.</u>, 293 F.3d 1, 10 (1st Cir. 2002)).

[3] <u>See</u> <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1130 (9th Cir. 2003) ("A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." (citing <u>Phillips v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1212 (9th Cir. 2002))); <u>Miller v. City of Bos.</u>, 549 F. Supp. 2d 140, 141 (D. Mass. 2008) ("The proponent of a Protective Order bears the burden of establishing 'good cause' for its continuation." (internal citation omitted)).

[4] <u>See</u> <u>Kravetz</u>, 706 F.3d at 60.

[5] <u>Id.</u> (quoting <u>Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp.</u>, 830 F.2d 404, 412 (1st Cir. 1987)).

[6] <u>See</u> <u>Anderson v. Cryovac, Inc.</u>, 805 F.2d 1, 7 (1st Cir. 1986) ("A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." (citations omitted)).

[7] L.R. 7.2(e).